UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| WALTER PETERS, THOMAS MOSES, | ) | |
| ROBERT STANLEY, MICHAEL INACIO | ) | CIVIL ACTION NO. 19-11512 |
| ANTON KALINSKY, PAUL SERINO, | ) | |
| CHRISTOPHER KRAFTON, | ) | |
| AND MICHAEL LASSE | ) | COMPLAINT |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LYNN SEWER AND WATER COMMISSION, | ) | |
| and VEOLIA NORTH AMERICA LLC | ) | |
|     Defendants. | ) | |

## **PARTIES**

1. Plaintiff Walter Peters is at all pertinent times a Massachusetts resident domiciled at 11 Statuit Trail, Scituate MA 02066.

2. Plaintiff Thomas Moses is at all pertinent times a Massachusetts resident domiciled at 550 Pleggont Street, Unit 201, Winthrop MA, 02152.

3. Plaintiff Robert Stanley is at all pertinent times a Massachusetts resident domiciled at 57 Auburn Street, Saugus MA, 01906.

4. Plaintiff Michael Inacio is at all pertinent times a Massachusetts resident domiciled at 11 Amelia Avenue, Winthrop MA, 02152.

5. Plaintiff Anton Kalinsky is at all pertinent times a Massachusetts resident domiciled at 24 Pleasant Court, Wintrop MA 02152.

6. Plaintiff Paul Serino is at all pertinent times a Massachusetts resident domiciled at 52 Gates Road, Saugus MA, 01906.

7. Plaintiff Christopher Krafton is at all pertinent times a Massachusetts resident domiciled at 59 Fern Avenue, Winthrop MA, 02152.

8. Plaintiff Michael Lasse is at all pertinent times a Massachusetts resident domiciled at 1171 Nantasket Avenue, Hull MA 02045.

9. Defendant Lynn Sewer and Water Commission is a corporation organized under Massachusetts law with their principle place of business located at 400 Parkland Ave, Lynn MA 01905.

10. Defendant Veolia North America LLC is a corporation organized under Massachusetts law with a principle place of business located at 53 State Street, 14th floor, Boston MA 02109.

## JURISDICTION AND VENUE

11. Federal Jurisdiction is appropriate under 28 U.S.C. § 1333(1).

12. Venue is proper under 28 U.S.C. §1391(b)(2) because the discharge giving rise to this claim occurred in this district.

## FACTUAL ALLEGATIONS

13. Plaintiffs are commercial clammers who are duly licensed by the Commonwealth of Massachusetts Division of Fish and Game, Department of Marine Fisheries, to harvest clams from the Pine River Clam Beds.

14. On or about February 28, 2017, the Plaintiffs were working as Clammers on the Pine River Clam Beds.

15. During required testing of the water, it was discovered that the Clam Beds had become contaminated with fecal matter and other hazardous human waste.

16. This contamination was a result of a broken sewer pipe that had not been inspected, maintained, or repaired by Defendants in a great deal of time.

17. As a result of the contamination by Defendants' spill, the clams in the Beds were no longer viable for sale on the market and the Plaintiffs lost all possible revenue from the Beds.

## COUNT I
## GENERAL MARITIME LAW- NEGLIGENCE
## LYNN SEWER AND WATER COMMISSION

18. Paragraphs 1-17 are realleged and reincorporated herein.

19. Defendant owed a duty to Plaintiffs to exercise reasonable care by avoiding spilling feces and other hazardous human waste into the Pine River Clam Beds.

20. Defendants breached their legal duty to plaintiff by failing to make timely inspections of their sewer pipes located near the Clam Beds.

21. As a direct and proximate result of Lynn Sewer and Water Commission's conduct, Plaintiffs and other clammers have suffered legal injury and damages, in an amount to be proven at trial, including but not limited to loss of livelihood, loss of income, and other economic loss.

## COUNT II
## GENERAL MARITIME LAW- NEGLIGENCE
## LYNN SEWER AND WATER COMMISSION

22. Paragraphs 1-21 are realleged and reincorporated herein.

23. Defendant owed a duty to Plaintiffs to exercise reasonable care by avoiding spilling feces and other hazardous human waste into the Pine River Clam Beds.

24. Defendants breached their legal duty to plaintiff by failing to conduct timely maintenance and upkeep of their sewer pipes located near the Clam Beds.

25. As a direct and proximate result of Lynn Sewer and Water Commission' conduct, Plaintiffs and other clammers have suffered legal injury and damages, in an amount to be proven at trial, including but not limited to loss of livelihood, loss of income, and other economic loss.

**COUNT III**
**GENERAL MARITIME LAW- NEGLIGENCE**
**LYNN SEWER AND WATER COMMISSION**

26. Paragraphs 1-25 are realleged and reincorporated herein.

27. Defendant owed a duty to Plaintiffs to exercise reasonable care by avoiding spilling feces and other hazardous human waste into the Pine River Clam Beds.

28. Defendants breached their legal duty to plaintiff by failing to make necessary repairs to their sewer pipes located near the clam beds.

29. As a direct and proximate result of Lynn Sewer and Water Commission's conduct, Plaintiffs and other clammers have suffered legal injury and damages, in an amount to be proven at trial, including but not limited to loss of livelihood, loss of income, and other economic loss.

**COUNT IV**
**GENERAL MARITIME LAW- NEGLIGENCE**
**VEOLIA NORTH AMERICA, LLC**

30. Paragraphs 1-29 are realleged and reincorporated herein.

31. Defendant owed a duty to Plaintiffs to exercise reasonable care by avoiding spilling feces and other hazardous human waste into the Pine River Clam Beds.

32. Defendants breached their legal duty to plaintiff by failing to make timely inspections of their sewer pipes located near the Clam Beds.

33. As a direct and proximate result of Veolia North America, LLC's conduct, Plaintiffs and other clammers have suffered legal injury and damages, in an amount to be proven at trial, including but not limited to loss of livelihood, loss of income, and other economic loss.

## COUNT V
## GENERAL MARITIME LAW- NEGLIGENCE
## VEOLIA NORTH AMERICA, LLC

34. Paragraphs 1-33 are realleged and reincorporated herein.

35. Defendant owed a duty to Plaintiffs to exercise reasonable care by avoiding spilling feces and other hazardous human waste into the Pine River Clam Beds.

36. Defendants breached their legal duty to plaintiff by failing to conduct timely maintenance and upkeep of their sewer pipes located near the Clam Beds.

37. As a direct and proximate result of Veolia North America, LLC's conduct, Plaintiffs and other clammers have suffered legal injury and damages, in an amount to be proven at trial, including but not limited to loss of livelihood, loss of income, and other economic loss.

## COUNT VI
## GENERAL MARITIME LAW- NEGLIGENCE
## VEOLIA NORTH AMERICA, LLC

38. Paragraphs 1-37 are realleged and reincorporated herein.

39. Defendant owed a duty to Plaintiffs to exercise reasonable care by avoiding spilling feces and other hazardous human waste into the Pine River Clam Beds.

40. Defendants breached their legal duty to plaintiff by failing to make necessary repairs to their sewer pipes located near the clam beds.

41. As a direct and proximate result of Veolia North America, LLC's conduct, Plaintiffs and other clammers have suffered legal injury and damages, in an amount to be proven at trial, including but not limited to loss of livelihood, loss of income, and other economic loss.

## **PRAYER FOR RELIEF**

WHEREFORE the Plaintiffs demand judgment against defendants as follows:

1. Economic and compensatory damages in amounts to be determined at trial;

2. Pre-judgment and post-judgment interest at the maximum rate allowed by law;

3. Attorney's fees and costs of litigation;

4. Such other and further relief as the court deems proper.

Respectfully Submitted,
For the Plaintiffs
By their attorneys

 /s/ Brian Keane_____
Brian Keane, BBO# 656717
Jordan Schlissel, BBO# 703913
KEANE LAW GROUP
110 K Street, Suite 330
Boston, MA 02127
617-313-2900
bkeane@keanelawgroup.com
jschlissel@keanelawgroup.com